**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**RANDY A. HART,**

    **Plaintiff,**

**vs.**                                                **Case No. 4:17cv201-MW/CAS**

**GREGORY B. KNOX,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Case number 5:17cv195-Oc-10PRL was initiated by the pro se Plaintiff in the Middle District of Florida. It was transferred to this Court, ECF No. 4, and opened as case number 4:17cv201 on June 5, 2017. ECF No. 6. An Order was entered on June 7, 2017, noting that Plaintiff's case initiating document was a hand-written "civil rights" complaint against one Defendant. ECF No. 1. Plaintiff complained that on April 21, 2017, the Defendant put him "in imminent danger of serious physical injury." *Id.* at 2. Specifically, Plaintiff alleged that Defendant Knox put him in "B Dorm," a dormitory known for having a high level of gang violence, and told Plaintiff that he was tired of Plaintiff's "filing complaints and . . . was going to put a

stop to" Plaintiff's filings. *Id.* at 2-3. Plaintiff requested leave to proceed in forma pauperis "in accordance with 28 U.S.C. § 1915(g)." ECF No. 2 at 3.

Upon review, Plaintiff was required to file a complaint on the proper form which must be used in this Court. ECF No. 8. Plaintiff was required to more fully explain his contention that Defendant Knox placed him in imminent danger of serious physical injury. *Id.* The Order noted that 28 U.S.C. § 1915(g) prohibits prisoners from filing civil lawsuits without full prepayment of the filing fee if the prisoner has had three prior actions or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, Plaintiff was required to provide facts which support that assertion.

Additionally, Plaintiff requested leave to proceed with in forma pauperis status, but Plaintiff did not support that request by filing copies of his inmate bank account. Plaintiff was directed to support that motion by providing copies of his inmate bank account statement for the six (6) month period immediately preceding the filing of the complaint. *Id.*

Case No. 4:17cv201-MW/CAS

On June 9, 2017, Plaintiff filed an amended complaint. ECF No. 9. That version of the complaint has not been reviewed because (1) Plaintiff had not received the prior Order before the complaint was filed and (2) Plaintiff filed another amended complaint, ECF No. 10, on June 20, 2017. Only the most recent amended complaint, ECF No. 10, has been reviewed.

Plaintiff claims that Defendant Knox was part of a disciplinary team which found him guilty of a disciplinary report. ECF No. 10 at 5. He contends there was no evidence to support the disciplinary report and claims he "has a right not to be subjected to bogas [sic] disciplinary reports in retaliation for his exercise of a constitutional right." *Id.* at 5-6. Plaintiff contends Defendant housed him "in a dorm full of gang members known for gang violence." *Id.* at 6. Plaintiff signed the complaint under penalty of perjury. *Id.* at 11-12.

The complaint form requires prisoners to list prior litigation and, in light of § 1915(g), disclose whether any prior cases were dismissed for a reason listed in the statute. ECF No. 10 at 9. Plaintiff reported no cases which were so dismissed. *Id.* He also indicated that he had filed only one prior case which appeared to be a post-conviction proceeding. *Id.* at 10-

11. Those assertions were curious because Plaintiff indicated that he had submitted a request in the past for the 6-month printout of his inmate bank account to no avail. ECF No. 10 at 14. He suggested a court order might be necessary to obtain the required printout. *Id.*

No order is necessary to obtain a printout because Plaintiff did not honestly disclose all his prior cases. It is not necessary to list all the cases Plaintiff has filed. It is sufficient to note that Plaintiff Randy Allen Hart, inmate # 075432,[1] filed case number 1:16cv21395-UU, a prisoner civil rights action, in the Southern District of Florida. It was dismissed on May 9, 2016, "pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief could be granted." ECF No. 6 of that case. Plaintiff also filed case number 8:16-cv-1337-T-33JSS in the Middle District of Florida. It was dismissed on June 3, 2016, for failing to state a claim because he brought a § 1983 claim against his public defender, who is not a state actor. Plaintiff filed case number 1:15cv21257-DPG in the Southern District of Florida. It was dismissed on August 31, 2015, for

---

[1] In all cases cited, it has been confirmed that Plaintiff Randy Hart is the same person who filed the other cases as his inmate number is the same.

Case No. 4:17cv201-MW/CAS

failing :to state a cognizable claim for relief under Section 1983." ECF No. 33 of that case.

In addition, Plaintiff had a case dismissed on August 1, 2016, in the Middle District of Florida because he had "three strikes" and did not allege sufficient facts to show he was imminent danger of serious physical injury. Case # 8:16cv02109-SDM-AEP. That dismissal reveals that Plaintiff is well aware that he is not entitled to in forma pauperis status and has had cases dismissed which should have been listed in the complaint form. Plaintiff's lack of candor and wilful failure to honestly disclose his previous lawsuits warrants dismissal of this case for abuse of the judicial process. Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (affirming dismissal for abuse of the judicial process); Jackson v. Florida Dep't of Corr., 491 F. App'x 129, 132 (11th Cir. 2012) (holding that it is not an abuse of discretion to dismiss prisoner's civil rights case as a sanction for failing to honestly disclose all prior cases and reason for dismissal).

Beyond dismissing this case based on Plaintiff's failure to honestly disclose his litigation history, the case should be dismissed because Plaintiff is not entitled to proceed with in forma pauperis status pursuant to

28 U.S.C. § 1915(g). Plaintiff's most recent complaint does not provide facts which demonstrate he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff alleges he was placed in a dorm with "gang members known for gang violence," but that placement in and of itself does not reveal Plaintiff is in danger. There are no facts showing Plaintiff is in a rival gang, has opposed a gang, or is particularly at risk of a violent attack.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to honestly disclose all prior cases and because Plaintiff is not entitled to proceed without full payment of the filing fee pursuant to 28 U.S.C. § 1915(g). It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g.

**IN CHAMBERS** at Tallahassee, Florida, on June 27, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.